```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

Megan Dixson,                       )
                                    )  Case No. 1:04-CV-558
             Plaintiff,             )
                                    )
    vs.                             )
                                    )
University of Cincinnati, *et al.*, )
                                    )
             Defendants.            )

Memorandum and Order

Plaintiff initiated this action on August 20, 2004, by filing a complaint against the University of Cincinnati and various University officials and employees. On November 23, 2004, this Court dismissed, with Plaintiff's consent, all of Plaintiff's claims with the exception of her claim for prospective equitable relief under the Rehabilitation Act of 1973. Plaintiff alleges that Defendants failed to make reasonable accommodations for her learning disabilities while she was enrolled in the University's graduate program in the Department of Communication Sciences and Disorders and that Defendants discriminatorily dismissed her from that program. She seeks reinstatement in the program with accommodations.

Defendants contend that Plaintiff is not within the class of persons protected by the Rehabilitation Act because she is not disabled or handicapped as a matter of law. On that basis, among others, they seek summary judgment with respect to her remaining claim. Plaintiff opposes the motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom. United States v. Diebold, Inc., 369 U.S. 654 (1962). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule

2

56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial."  First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at

3

trial." Celotex Corp., 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. Id. Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

A claim of disability discrimination under the Rehabilitation Act of 1973 is analyzed in accordance with the standards applicable to a claim of discrimination under the Americans with Disabilities Act. See McPherson v. Michigan high School Athletic Ass'n, 119 F.3d 453, 459-60 (6th Cir. 1997)(citing Andrews v. Ohio, 104 F.3d 803, 807 (6th Cir. 1997); Burns v. Columbus, 91 F.3d 836, 842 (6th Cir. 1996); Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1177 (6th Cir. 1996)). "[U]nder either . . . statute, plaintiffs must allege

4

either that they are or are perceived to be handicapped within the definitions of each of the acts. . . ." Andrews, 104 F.3d at 807.

To establish that she is handicapped and entitled to the protection of the Rehabilitation Act of 1973, Plaintiff must prove that she is "substantially limited" in a "major life activity." 29 U.S.C. § 705(20)(B). In opposition to Defendants' motion for summary judgment, Plaintiff has identified learning as the major life activity in which she is substantially limited by virtue of her alleged disabilities, which include bipolar disorder, dyslexia, and attention deficit disorder. She claims that she needed, but was not afforded, accommodations in "writing and perhaps in test timing in order to succeed" in the graduate program at the University of Cincinnati. Memorandum in opposition, p. 8. As evidence of the handicaps and their substantially limiting impact on her ability to learn, Plaintiff cites nothing explicitly. She states, baldly, that she has produced evidence that she is impaired. See id., p. 6.

The Court has reviewed, nevertheless, the evidence attached to Plaintiff's memorandum in opposition. The only evidence there that touches upon her claim that she is substantially limited in the major life activity of learning by virtue of handicaps is the following portion of her Declaration, dated September 21, 2005:

> 34. Dixson advised Dr. Lee of my disabilities initially that of Bi-polar Syndrome and Attention Deficit Disorder (ADD). Dixson was later diagnosed

5

>    with suffering from Dyslexia and made Dr. Lee aware of
>    this.  Dixson also contacted the University of
>    Cincinnati's Disabilities Department in an effort to
>    secure accommodations.
>
>    35.  Having never been before faced with such severe
>    diagnosis and disabling issues (i.e. being Bi-polar,
>    suffering from ADD and with Dyslexia) Dixson did not
>    understand what type and to what extent she should
>    receive accommodations from the University pursuant to
>    the ADA or the Rehabilitation Act.

Plaintiff's evidence that she is substantially limited in the major life activity of learning is inadequate.  The Court first observes that Plaintiff has made no effort to demonstrate the effect her disabilities had on her ability to learn.  In various places in her Declaration and the exhibits attached thereto she attributes her difficulties in the graduate program to overscheduling and poor scheduling.  The Court finds no attempt to connect the difficulties to her disabilities.  The mere fact that she has been diagnosed with a disorder or even an impairment does not satisfy her burden of proof.  See Toyota Motor Manufacturing, Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002)("having an impairment does not make one disabled").

Moreover, as Defendants observe in their reply memorandum, Plaintiff has obtained a bachelor's degree and a master's degree since graduating from high school.  Her disabilities have not impeded her achievement of academic goals prior to her dismissal from the graduate program at the University of Cincinnati and she has succeeded in standardized testing.  The alleged disabilities have not, therefore, substantially limited her learning when the term "substantial

limitation" is considered, as it must be, in terms of the general population. See Gonzalez v. National Board of Medical Examiners, 225 F.3d 620, 626 (6th Cir. 2000), cert. denied, 532 U.S. 1038 (2001). As compared to the general population, Plaintiff cannot be said, on the basis of the objective evidence of her record of academic achievement, to be substantially limited in the major life activity of learning. See id. at 627. Having failed to identify evidence tending to show that she is substantially limited in the major life activity of learning by virtue of her alleged disabilities, Plaintiff has not carried her burden in opposing Defendants' motion for summary judgment. That motion is, therefore, well-taken and is hereby **GRANTED**. This action is **CLOSED**.

    **IT IS SO ORDERED.**

                                      _____/s/_____
                                      Sandra S. Beckwith, Chief Judge
                                      United States District Court